UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 17 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

TERRY D. BEST,                    )
                                  )
        Petitioner,               )
                                  )
             v.                   )    Criminal Action No.
                                  )      01-262 (RWR)
DARRYL DREW,                      )
                                  )
        Respondent.               )
                                  )
Civil Action No. 04-169 (RWR)     )
                                  )

MEMORANDUM OPINION AND ORDER

Petitioner Terry D. Best pled guilty to conspiracy to
distribute and possess with intent to distribute 150 grams or
more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A)(iii), and 846, and was sentenced to 135 months
imprisonment followed by five years of supervised release.  Best
moved to vacate and set aside his sentence pursuant to 28 U.S.C.
§ 2255, alleging that (1) the evidence proffered by the
government to establish conspiracy was insufficient as a matter
of law, (2) Best received ineffective representation from his
counsel, Paul Hunt, and (3) Best's sentence was unconstitutional
in light of the recent Supreme Court decision United States v.
Booker, 543 U.S. 220 (2005).  Because Best has alleged facts
which could entitle him to relief, an evidentiary hearing will be
scheduled on the issue of whether Best and his family asked Hunt
to appeal and Hunt failed to do so.  Because the record

-2-

conclusively shows that all other claims are without merit, they warrant no hearing or relief.

BACKGROUND

Best sold 58.8 grams and 51.5 grams of crack cocaine to an undercover police officer on separate occasions.  (Pet'r Mem. at 1.)  He was indicted on one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, and two counts of distribution of 50 grams or more of cocaine base.  (Id. at 2.)  Under a plea agreement, Best pled guilty to the conspiracy count and agreed to cooperate with the government in the investigation of other crimes.  (Gov't Resp. at 2.)  In exchange, the government agreed to dismiss the remaining two counts of the indictment and consider in its sole discretion filing a downward departure motion under § 5K1.1 of the federal sentencing guidelines if information that Best uncovered substantially aided in a government investigation.  The government also agreed to Best's release pending sentencing for the purpose of Best engaging in investigative activity under the direction of law enforcement.  The parties agreed that Best's base offense level should be decreased by three levels based on his acceptance of responsibility for the conspiracy charge, and that Best would be accountable under the sentencing guidelines for at least 150 grams but less than 500 grams of cocaine base. (Id.)

-3-

Best signed the plea agreement and the proffer of evidence
filed by the government, which read, in part: "[d]uring the
period of the conspiracy the defendant was receiving crack
cocaine from suppliers of crack and he knowingly and
intentionally distributed and possessed with the intent to
distribute during this relevant time period . . . at least 150
grams but less than 500 grams of crack cocaine." (Pl. Hr'g Tr.
21-22, June 27, 2002; Gov't Proffer of Evidence ¶ 3.) An
extensive colloquy was conducted with Best under oath following
Fed. R. Crim. P. 11 concerning the proffer and the plea to ensure
that he understood the consequences of his actions. During the
colloquy, the defendant answered in the affirmative when asked
whether he "had gotten [a] supply of crack cocaine from one or
more other suppliers with whom [he] had agreed to obtain supplies
of cocaine for resale." (Pl. Hr'g Tr. 23.) Best does not now,
nor has he ever, contested his guilt. (Pet'r Reply at 8.)

At sentencing, the government asserted that Best had not
provided any helpful information and therefore did not qualify
for a downward departure motion for substantial assistance.
(Sent. Tr. 2-3, Jan. 10, 2003.) Best was sentenced at the low
end of the applicable guideline range to 135 months in prison and
five years supervised release.[1]

---

[1]The Probation Office calculated the base offense level to
be 34.  Presentence Report at 6.  The offense level was decreased
to 31 because defendant accepted responsibility for the crime.
The defendant's criminal history category was III, yielding a

-4-

Best claims that after sentencing, he expressly asked Hunt

to file an appeal. (Pet'r Mem. at 11.)  No appeal was filed.

Hunt claims in an affidavit that he had explained to Best that

Hunt did not believe that there were adequate grounds for appeal

and that Best had agreed not to appeal. (Gov't Resp., Ex. 1,

¶ 4.)  After this reported conversation, Hunt claims he received

a call from members of Best's family regarding further legal

action, but no decision was reached on how to proceed. (Id.

¶ 5.)  Best's family allegedly told Hunt that he would receive

another call from Best to discuss the matter further. (Id.)

Hunt claims he never received this call and the next contact he

received was from Best's new lawyer regarding this motion under

§ 2255. (Id.)

## DISCUSSION

Best makes three main claims for relief: (1) that the

evidence of conspiracy to distribute drugs was insufficient as a

matter of law to establish his guilt; (2) that Hunt provided Best

with ineffective assistance because the guilty plea was not

voluntary and because Hunt failed to appeal when Best and his

family requested that he do so; and (3) that Best's sentence was

unconstitutional under the holding of United States v. Booker,

543 U.S. 220 (2005). (Pet'r Mem. at 3-5; Pet'r Reply at 9-10.)

The government disputes all of these claims, but seeks a hearing

---

guideline range of 135 to 168 months. Id. at 7-9.

on the issue of whether Hunt had failed to appeal when asked to
by Best and his family.

I.    SUFFICIENCY OF THE EVIDENCE

        Best claims that the evidence the government proffered at
his colloquy was insufficient to establish he was a part of a
narcotics conspiracy because the government only offered proof of
a "mere buyer-seller" relationship.  (Pet'r Mem. at 5-6.)  <u>See</u>
<u>United States v. Morris</u>, 836 F.2d 1371, 1374 (D.C. Cir. 1988)
(reversing the defendant's conviction by a jury where the
government presented evidence only that the defendant bought
drugs from a co-defendant).  When a defendant pleads guilty, the
government must proffer evidence from which a reasonable juror
could conclude that the defendant was guilty as charged.  <u>United</u>
<u>States v. Ahn</u>, 231 F.3d 26, 31 (D.C. Cir. 2000).  In order to
accept a defendant's guilty plea, a court "must determine that
there is a factual basis for the plea."  Fed. R. Crim. P.
11(b)(3).  A defendant's admission of guilt in plea proceedings
"constitute[s] a formidable barrier in any subsequent collateral
proceedings."  <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).
"Ordinarily, a judgment of conviction resting on a plea of guilty
is justified by the defendant's admission that he committed the
crime charged against him and his consent that judgment be
entered without a trial of any kind."  <u>North Carolina v. Alford</u>,
400 U.S. 25, 32 (1970).

-6-

A narcotics conspiracy exists where (1) two or more people agree to unlawfully distribute or possess with intent to distribute a controlled substance, and (2) the defendant knowingly and intentionally joins in the agreement. <u>United States v. Childress</u>, 58 F.3d 693, 707 (D.C. Cir. 1995). Although mere evidence of a buyer-seller relationship is insufficient to prove a conspiracy, a buyer may be found to be a member of a conspiracy if he "procured drugs with the knowledge of the overall existence of the conspiracy." <u>United States v. Thomas</u>, 114 F.3d 228, 241 (D.C. Cir 1997). A buyer is guilty of conspiracy if he is aware of the structure of the conspiracy and the participation of third parties, and if he profits from and intends to further the conspiracy. <u>Id.</u> at 245. A buyer has knowledge of a conspiracy and the participation of third parties if he is aware "that resale [of the drugs] might have been contemplated." <u>United States v. Sobamowo</u>, 892 F.2d 90, 94 (D.C. Cir. 1989); <u>see also</u> <u>United States v. Reynolds</u>, 2006 WL 1208040, *1 (11th Cir. 2006) (upholding the defendant's narcotics conspiracy conviction where the evidence at trial showed that he fronted drugs to his co-conspirator and that those drugs were for resale, and not personal use); <u>United States v. Clyde</u>, 168 Fed. Appx. 135, 138 (8th Cir. 2006) (upholding a narcotics conspiracy conviction supported by testimony that the defendant had engaged

in "numerous drug transactions . . . in which he obtained drugs
to resell to others").

During the Rule 11 colloquy, the defendant answered in the
affirmative when asked whether he "had gotten [a] supply of crack
cocaine from one or more other suppliers with whom [he] had
agreed to obtain supplies of cocaine for resale." (Pl. Hr'g
Tr. 23.)  Best's own admission that he agreed to buy and re-sell
drugs established that a conspiracy to traffic in drugs existed.
See United States v. Santos, 357 F.3d 136, 141 (1st Cir. 2004)
(stating that a trial court could accept at face value the
defendant's concession in guilty plea of conspiring and
attempting to possess more than five kilograms of cocaine).
Best's own confirmation of the conspiracy was a sufficient
factual basis for his plea.

II.   INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prove ineffective assistance of counsel, a
petitioner must show (1) that counsel's representation fell below
an objective standard of reasonableness, and (2) that there is a
reasonable probability that, but for counsel's errors, the result
of the proceeding would have been different.  Strickland v.
Washington, 466 U.S. 668, 687-88, 694 (1984).  This standard is
highly deferential to the defense counsel, attempting to
eliminate all the distortions of hindsight and see the case as it
appeared to counsel at the time.  Id. at 689.

-8-

To show that counsel's representation fell below an objective standard of reasonableness, the defendant must show that counsel failed to provide reasonable service under prevailing professional norms considering all the circumstances. Id. at 688. Courts look to an attorney's ethical duties, including those which require counsel to bring skill and knowledge to the case and to provide zealous representation. See id. Detailed guidelines, however, could not anticipate each potential situation facing a defense attorney. Id. at 689.

In order to satisfy the prejudice requirement, a defendant who has pled guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhard, 474 U.S. 52, 59 (1985). A defendant must make more than a bare allegation that he would have pled differently and gone to trial. See United States v. Horne, 987 F.2d 833, 836 (D.C. Cir. 1993); cf. Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991) (finding no prejudice when defendant "ha[d] not identified any objective evidence in support of his claim" that he would have accepted a plea bargain if his lawyer had advised it); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) (holding that "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for

counsel's alleged advice or inaction, [the defendant] would have accepted the plea offer").

When the evidence supports the defendant's assertion that he would not have accepted the plea bargain but for counsel's erroneous advice, however, the defendant has been prejudiced. United States v. Streater, 70 F.3d 1314, 1322-23 (D.C. Cir. 1995) (holding that the defendant had been prejudiced in entering a guilty plea based on the legally erroneous advice of his counsel where the defendant had rejected all plea offers prior to his counsel's erroneous in-court statement, and then accepted one immediately thereafter); see also Turner v. Tennessee, 858 F.2d 1201, 1206 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989) (holding that the evidence - - that the defendant made a counteroffer and that the defendant appeared to be under his lawyer's control at all times - - supported the defendant's claim that he would have accepted a plea offer if his attorney had not advised against it, and therefore that the defendant had shown that he had been prejudiced).

A.    Sufficiency of conspiracy evidence

Best claims that Hunt's performance was defective because Hunt should have known that evidence of conspiracy proffered by the government could not support a guilty plea, and that this representation prejudiced Best when he followed Hunt's flawed

advice to plead guilty and therefore was denied his right to
trial and appeal.  (Pet'r Mem. at 7-8.)

Best's claim of prejudice fails.  He has not shown by a
reasonable probability that he would not have pled guilty because
of a lack of conspiracy evidence, and instead would have gone to
trial on the conspiracy and distribution counts.[2]  Several
legitimate factors would have led a reasonable attorney to
counsel his client to plead guilty to the conspiracy charge
rather than go to trial.  The government had direct evidence that
Best had been a party to drug distributions, including the
testimony of an undercover police officer who bought drugs from
Best.  (Pl. Hr'g Tr. 21.)  Best never claimed that he did not
engage in the drug trafficking with which he was charged.  (Pet'r
Reply at 8.)  Finally, by pleading guilty, petitioner was
eligible for a three-point reduction in his sentencing guidelines
offense level when he took responsibility for his crime.  (Id.)

Best predicts that he could have moved successfully pre-trial
to dismiss the conspiracy count on insufficiency grounds,
negotiated a bargain to plead guilty to the distribution counts
in exchange for being held accountable for only 110.3 grams of

---

[2] As is stated above, sufficient evidence emerged during the
colloquy to support the conspiracy charge, and Best's contention
that his lawyer acted unreasonably therefore lacks merit.  In any
event, a court does not need to first determine whether counsel's
performance was defective before questioning whether a defendant
suffered prejudice as a result of that conduct.  Strickland, 466
U.S. at 696.

-11-

crack and not the higher sentencing guideline level amount of 150 grams or more, and secured an agreement that he was eligible for a reduction for acceptance of responsibility.  He asserts alternatively that he could have received the reduction by going to trial to challenge the legal sufficiency of the conspiracy evidence without contesting the facts.  (Id. at 7-9.)[3]

     Best's prognostications to prop up his prejudice showing ignore two fatal facts.  The facts which he admitted under oath in his plea colloquy were sufficient to convict him of conspiracy.  See Sobamowo, 892 F.2d at 94; Reynolds, 2006 WL 1208040, *1; Clyde, 168 Fed. Appx. at 138; see also Blackledge, 431 U.S. at 73-74 (holding that the admission of guilt in a plea proceeding is a formidable barrier to a collateral attack).  In addition, the quantity of crack cocaine for which he admitted accountability in his signed plea agreement counts as relevant conduct in determining the offense level for each of the three counts charged in the indictment.  U.S.S.G. §§ 1B1.3, 2D1.1.  His

---

[3] Best relies on a provision of the Sentencing Guidelines that explains that:
> "[t]his [three point-reduction] is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt. . . . In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his right to assert and preserve issues that do not relate to factual guilt. (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.)"

U.S. Sentencing Guidelines Manual § 3E1.1(a), app. note 2.

-12-

alternative dispositions would not have altered the guideline
calculations.

Hunt had adequate reason to believe it was in his client's
best interest to plead guilty to conspiracy and Best has not
shown that, but for counsel's errors, he would have gone to
trial.  Best was not prejudiced by his attorney's performance.

B.   Knowing and voluntary plea

Best also claims that Hunt's ineffective assistance violated
his due process rights.  He argues that he did not enter his plea
voluntarily and knowingly because counsel did not adequately
explain the nature of the charge of conspiracy or the
consequences of the guilty plea.  (Pet'r Mem. at 4.)  A claim of
ineffectiveness of counsel "arising out of the plea process" must
be evaluated under the Strickland test.  Hill, 474 U.S. at 57.

As is discussed above, the evidence of conspiracy presented
in the factual proffer was a sufficient factual basis for the
guilty plea.  Best has not indicated any other reason that his
guilty plea should not be considered intelligent and voluntary.
The conspiracy charge to which Best was pleading guilty was fully
explained to him.  (Pl. Hr'g Tr. 19-20.)  Finally, during the
guilty plea hearing, a full inquiry into the defendant's state of
mind at the time was conducted.  The finding was that Best was
fully competent and capable of waiving his trial rights, that he
understood the nature and consequences of what he was doing, and

-13-

that he was acting voluntarily and of his own free will.  (Pl.
Hr'g Tr. 26-27.)  See also Fed. R. Crim. P. 11(b)(2) (requiring
that the district court judge "address the defendant personally
in open court and determine that the plea is voluntary and did
not result from force, threats, or promises (other than promises
in a plea agreement)").  Best has not offered any reason to
disregard this contemporaneous finding and hold that his plea was
not entered into voluntarily and intelligently.

     C.   Failure to appeal

Best also claims that his lawyer disregarded his specific
requests to appeal his sentence.  A lawyer who disregards
specific instructions from the defendant to file a notice of
appeal acts in a manner that is professionally unreasonable.
United States v. Taylor, 339 F.3d 973, 977 (D.C. Cir. 2003).
"[W]hen counsel fails to file a requested appeal, a defendant is
entitled to resentencing and to an appeal without showing that
his appeal would likely have had merit."  See Peguero v. United
States, 526 U.S. 23, 28 (1999) (citing Rodriquez v. United
States, 395 U.S. 327, 330 (1969)); see Hargett v. United States,
380 A.2d 1005, 1007 (D.C. 1977) (finding, "[i]t is clear that a
defendant's opportunity to appeal from a criminal conviction may
not be ineffectuated by . . . failure of counsel to file the
appeal upon request").  Counsel's failure to file an appeal when
instructed to do so "cannot be considered a strategic decision."

-14-

Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  Collateral
attack is the only available option for a defendant whose
attorney refuses to file an appeal on defendant's specific
instructions.

    If a defendant's attorney did not honor a defendant's
request to file an appeal, the original sentence will be vacated
and the defendant will be resentenced to allow him to appeal.
See United States v. Ramos, 807 F. Supp. 1, 3 (D.D.C. 1992)
(finding that "[a] majority of circuits have required district
courts to vacate a sentence and resentence a defendant to allow
him to appeal when the failure to perfect an appeal was the fault
of counsel or was attributed to the trial court's not informing
adequately the defendant of his right to appeal and to proceed in
forma pauperis").  The defendant need not show the issues to be
raised on appeal.  Id.

    Unless the motion and records of the case conclusively show
that the prisoner is entitled to no relief, a court must grant a
hearing to determine the issues and make findings of fact and
conclusions of law.  28 U.S.C. § 2255.  A decision to deny the
hearing is committed to the district court's discretion.
Pollard, 959 F.2d 1011, 1030 (D.C. Cir. 1992).  "Only where the
§ 2255 motion raises detailed and specific factual allegations
whose resolution requires information outside of the record or

the judge's personal knowledge or recollection must a hearing be held." Id. at 1031.

Although Best offers no affidavits to substantiate his claim that Hunt ignored his and his family's requests to appeal, Best does assert in his petition that both he and his family made such a request. (See Pet'r Mem. at 4, 11.)  The government submitted a declaration from Hunt attesting that he was never asked by either the defendant or his family to appeal.  (Gov't Resp., Ex. 1, ¶ 4-5.)  Because the parties present conflicting factual accounts and because Best would be entitled to relief if his version were believed, an evidentiary hearing will be held to resolve the factual dispute.

III. CONSTITUTIONALITY OF SENTENCING GUIDELINES

Defendant also challenges his sentence on the ground that it is unconstitutional under the Supreme Court ruling in Booker. 543 U.S. 220 (2005) (holding the federal sentencing guidelines unconstitutional as mandatory and rendering them advisory).  New rules of constitutional law do not apply retroactively on collateral review unless the Supreme Court holds that the law is retroactive.  Tyler v. Cain, 533 U.S. 656, 663 (2001).  Booker has not been applied retroactively.  Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (dismissing habeas motion challenging a defendant's sentence, which was determined pursuant to the federal sentencing guidelines before the Supreme Court's

-16-

decision in <u>Booker</u>, because the <u>Booker</u> decision was not found to apply retroactively). Because <u>Booker</u> was decided after Best was sentenced, the application of the then-mandatory guidelines to determine Best's sentence does not entitle Best to relief under § 2255.

CONCLUSION AND ORDER

Because the claim that Hunt failed to appeal involves disputed material facts, an evidentiary hearing will be held. Because Best failed to substantiate his remaining claims of ineffective assistance of counsel, insufficient evidence of conspiracy, and unconstitutional sentencing, no relief will be granted based upon those claims. Therefore, it is hereby

ORDERED that an evidentiary hearing be, and hereby is, SCHEDULED for the 6th day of October, 2006 at 2:30 p.m. to determine whether Best asked Hunt to file a notice of appeal which Hunt disregarded. If petitioner is to testify, then counsel for petitioner is directed to arrange promptly with the warden of petitioner's institution and John Cramer of this court's Office of Information Technology for petitioner's presence and testimony by teleconferencing. Should that capacity be unavailable, counsel for petitioner shall promptly notify counsel for the government to prepare an appropriate writ to secure petitioner's presence.

-17-

SIGNED this _15th_ day _July_____, 2006.

_____/s/_____

RICHARD W. ROBERTS
United States District Judge